## Walter E. Heller & Company *v.* Lombard Corporation, Appellant.

Argued October 7, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Gerald S. Lesher,* with him *Herbert B. Sachs,* and *Baskin, Boreman, Sachs & Craig,* for appellant.

*W. Walter Braham, Jr.,* with him *Kirkpatrick, Pomeroy, Lockhart & Johnson,* for appellee.

OPINION BY MR. JUSTICE EAGEN, November 15, 1966:

This is an appeal from an order below refusing to strike or open a judgment, entered by virtue of a confession and warrant of attorney included in a judgment note.

The note and a chattel mortgage on a Douglas DC-3 aircraft were executed and delivered by the appellant, Lombard Corporation (Lombard), to the appellee, Walter E. Heller & Company (Heller), to secure payment of a debt arising out of a refinancing agreement entered into between the parties on November 17, 1962.[1] Lombard defaulted and made no payments on the indebtedness. Heller instituted replevin proceedings and gained possession of the aircraft. Later it confessed judgment on the note. Subsequently, the aircraft was sold to Heller, the highest bidder, at a duly advertised

---

[1] The airplane was originally purchased by Lombard in 1958, and a financing agreement entered into at that time. In 1962, Heller not only refinanced the balance due on the original indebtedness, but advanced an additional $12,080.10 in cash to Lombard.

public sale of which Lombard was served with prior notice, for the sum of $25,000.

Appellant contends that the judgment was void in toto and should have been stricken, because it included therein an item wholly unauthorized by the warrant of attorney and was also entered for an excessive amount. It is unquestionably correct that a warrant of attorney authorizing confession of judgment must be strictly construed, and a judgment entered thereon should be stricken in toto if any item unauthorized by the warrant appears on the face of the judgment, or if the judgment is entered for a grossly excessive amount: *Flomar Corp. v. Logue*, 418 Pa. 181, 210 A. 2d 254 (1965); *Roche v. Rankin*, 406 Pa. 92, 176 A. 2d 668 (1962); and, *Housing Mtg. Corp. v. Tower Development and Investment Corp.*, 402 Pa. 388, 167 A. 2d 146 (1961). However, we are not persuaded that the instant facts come within the operation of the rule.

The judgment was entered for a total amount of $60,207.54, or $58,500, the face amount of the note, plus calculated interest in the sum of $1707.54. Appellant contends that the $1707.54 item was not interest, but, in fact, charges for storage, repairs and transportation of the replevied aircraft. Confession of judgment for such charges was not authorized in the warrant.

Assuming arguendo, that the item involved was indeed charges for storage and repairs, it was listed on the face of the judgment as interest, and interest was clearly within the scope of the warrant. Moreover, within the terms of the warrant, interest in the sum of $3120 could properly have been confessed against the appellant. Hence, the judgment did not include on the face thereof an item unauthorized by the warrant, nor was the authority given therein abused.

Appellant also argues that the judgment was entered for a grossly excessive amount, in that no credit

was given for unearned interest or for the proceeds received by appellee from the sale of the aircraft.

The bald assertion is made that credit for unearned interest should have been allowed. The argument is not expanded. Regardless, we assume this to mean that, since the face amount of the note included the sum of $13,500 for service charges computed on the supposition that the appellant would have the use of appellee's money for a period of five years, the term of the financing contract, and, since judgment was confessed ten months after the contract was executed, the appellee was not deprived of the use of its money for the period contemplated, and a service charge for a period beyond ten months is excessive. No authorities are cited in support of this position. More importantly, appellee did not regain possession or the use of its money by merely entering the confession of judgment. This it is still attempting to do, four years after the contract was originally entered into.

Appellant is undoubtedly entitled to receive credit on the indebtedness for $25000, the amount received by appellee in the sale of the aircraft. When execution on the judgment is processed, the court below, which will have control thereof, can see that such credit is given. Since the sale of the aircraft occurred subsequent to the entry of the judgment, credit for the amount received from the sale could not be given at the time the judgment was entered.

We find neither error in the court's order refusing to strike the judgment, nor a clear abuse of discretion in its refusal to open.

Order affirmed.