Kline, Appellant, *v.* Marianne Germantown
Corporation.

Argued January 8, 1970.   Before BELL, C. J., JONES,
COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Judah I. Labovitz*, with him *Wolf, Block, Schorr and Solis-Cohen*, for appellant.

*William T. Adis*, with him *Leonard Sarner*, and *Sarner, Cooper & Stein*, for appellee.

OPINION BY MR. JUSTICE EAGEN, March 25, 1970:

This is an appeal from an order entered below striking from the record a judgment entered pursuant to a warrant of attorney included in a written lease.

Hess Kline, the judgment creditor and appellant herein, was the ultimate assignee of Standard Properties, Inc., which leased, in September 1950, a property in Philadelphia to Red Robin Stores, Inc. (Red Robin), for a period of one year. By extensions and renewals, the lease remained in force until September 1967. Petrie Stores Corporation (Petrie), one of the judgment debtors, is the corporate successor of Red Robin. The other judgment debtor, the Marianne Germantown Corporation (Marianne), is a wholly owned subsidiary of Petrie and also its assignee of the lease involved.

The warrant of attorney authorized in the lease provided, in pertinent part, that the lessee empowered any prothonotary or attorney to confess judgment against it for "all or any part of the rent specified in this lease and then unpaid including . . . charges, payments, costs and expenses reserved as rent or agreed to be paid by the Lessee, and for interest and costs together with an attorney's commission of 5%."

Paragraph 6(a) of the lease states: "Lessee agrees to pay as rent . . . any and all damages, costs and expenses which the Lessor may suffer or incur by reason

of any default of the Lessee or failure on his part to comply with the covenants of this lease, and each of them, and also any and all damages to the demised premises caused by any act or neglect of the Lessee."

In the lease the lessee covenanted, inter alia, to keep the demised premises "in good order and repair as they now are, reasonable wear and tear . . . excepted" and "to surrender the demised premises in the same condition in which Lessee has herein agreed to keep the same during the continuance of this lease."

Following the expiration of the lease, Kline, the lessor, instituted an amicable action in assumpsit wherein judgment was confessed against Red Robin and Marianne in the amount of $46,655.44, being the sum allegedly expended or necessary to be expended by the landlord in the restoration of the demised premises, plus a 5% attorney's commission. Included in this amount, as evidenced by the "Assessment of Damages" filed in the proceeding, was the sum of $16,000 for the *replacement* of an air-conditioning system in the building, which had allegedly "completely deteriorated."

Aside from the provisions before described, paragraphs 51 and 62 of the lease are pertinent. Paragraph 51 provides that ". . . any air-conditioning equipment of Lessee [exclusive of air-conditioning ducts] installed by Lessee shall remain the property of Lessee and Lessee shall have the right to remove the same at the expiration or sooner termination of this lease; provided, however, that any damage or injury caused to the demised premises by such removal shall be repaired by Lessee at its cost and expense."

Paragraph 62 provides: "In connection with paragraph 51 hereof, it is agreed that any replacements by Lessee of parts of the *presently installed air-conditioning units and equipment* in the demised premises shall remain a part thereof and shall not be removable by Lessee at the expiration or sooner termination of this

lease. In the event, after the exercise by Lessee of the option contained in paragraph 56 hereof [which was exercised], the *presently installed air-conditioning system and equipment* shall become unusable by Lessee, or shall not be sufficient for Lessee's purposes, or shall require replacement, Lessee shall have the right to have the present air-conditioning units and equipment removed and to replace the same by other air-conditioning units and equipment, provided Lessee before making such change shall consult with Lessor and advise Lessor of the type of units intended to be installed and their cost. Notwithstanding the provisions of paragraph 51 hereof, in the event Lessee shall have replaced the air-conditioning units and equipment as provided above, at the expiration or sooner termination of this lease, Lessor shall have the option either of permitting Lessee to remove the air-conditioning units and equipment installed by Lessee, as provided by Paragraph 51 hereof, or of paying Lessee the unamortized cost of said air-conditioning units and equipment and the installation charges, based upon a straight-line ten year amortization schedule and requiring that the air-conditioning units and equipment remain on the premises as the property of Lessor. Lessor agrees to notify Lessee of its election at least fifteen days prior to the expiration or sooner termination of this lease." (Emphasis added.)

Paragraph 62 indicates that the parties to this lease recognized that the then "presently installed air-conditioning units and equipment in the demised premises" might not last for the duration of the ten-year extension of the lease provided for in paragraph 56. Yet paragraph 62 provides that, if lessee should replace the system, with the lessor's consent, it was to belong to the lessee, unless the lessor exercised an option to *purchase* the same from him. It does not obligate the lessee to replace the system, nor does it require him to compensate the lessor for the cost of replacing the

air-conditioning system. Because of the explicitness with which paragraph 62 considers the particular subject of replacement of the air-conditioning system, its provisions will be regarded as qualifying or controlling any different interpretation one may derive from the more general provisions of the lease: *Minnotte Appeal,* 411 Pa. 492, 192 A. 2d 394 (1963); *Philadelphia v. Philadelphia Transportation Co.,* 345 Pa. 244, 26 A. 2d 909 (1942). In addition, where doubt arises out of the uncertainty as to the meaning of the language used in a lease, its provisions will be construed most strongly against the lessor and in favor of the lessee: *Northway Village No. 3, Inc. v. Northway Properties, Inc.,* 430 Pa. 499, 244 A. 2d 47 (1968); *Larsh v. Frank & Seder of Pittsburgh, Inc.,* 347 Pa. 387, 32 A. 2d 219 (1943).

It is fundamental that a warrant of attorney to confess judgment must be strictly construed and that the warrant must be exercised in strict accordance with its terms: *W. E. Heller & Co. v. Lombard Corp.,* 423 Pa. 333, 223 A. 2d 716 (1966); *Grady v. Schiffer,* 384 Pa. 302, 121 A. 2d 71 (1956). A warrant of attorney authorizing the entry of summary judgment must be clear and explicit, and if doubt exists as to the occurrence of a default, the doubt must be resolved against the party in whose favor the warrant is given: *Northway Village No. 3, Inc. v. Northway Properties, Inc.,* supra; *Grady v. Schiffer,* supra.

Our reading of all of the material provisions in the lease, singly and collectively, fails to persuade us that the lessee assumed the obligation for the cost of *replacing* the entire air-conditioning system in the building. There being no breach of any covenant of the lease for lessee's failure to compensate lessor for the replacement of such a system, there are no damages relating thereto to be considered as rent within paragraph 6(a) of the lease. It was, therefore, improper to include the

$16,000 for the replacement of the air-conditioning system in the "Assessment of Damages" for which judgment was confessed.

In numerous decisions, we have ruled that if the confessed judgment includes an item not authorized in the warrant, the judgment is void in its entirety and must be stricken: *W. E. Heller & Co. v. Lombard Corp.*, supra; *Housing Mortgage Corp. v. Tower Development & Investment Corp.*, 402 Pa. 388, 167 A. 2d 146 (1961). Here the inclusion of the cost of replacing the air-conditioning system in the confessed judgment was not authorized by the warrant of attorney. Hence the judgment as confessed was properly stricken, and we need not consider the other issues raised in this appeal.

Order affirmed.