371 A.2d 916

**TENREED CORPORATION, Appellant,**

v.

**PHILADELPHIA FOLDING BOX COMPANY, Defendant, and Charles Benjamin, Inc., and Continental Bank, Garnishees.**

Superior Court of Pennsylvania.

Argued Dec. 10, 1976.

Decided March 31, 1977.

Miles Warner, Warner & Huntington, Philadelphia, for appellant.

Edwin L. Scherlis, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, CERCONE, PRICE and VAN der VOORT, JJ.

JACOBS, Judge:

This is an appeal from an order of the lower court striking off a judgment confessed by appellant Tenreed

Corporation against Philadelphia Folding Box Company, appellee, for the amount of $50,400.00. We are convinced that the judgment was improperly stricken, and reverse.

The parties originally entered into a lease agreement for the rental of a commercial property in Philadelphia, effective December 1, 1963, for ten years at an annual rent of $21,000.00. The 1963 lease contained a provision for the continuation of the lease on the same terms and conditions for an additional year if neither party gave ninety days written notice of intent to determine the lease at the end of the original ten years.[1] The lease also contained covenants to the effect that lessee, Philadelphia Folding Box, would not remove property from or vacate the premises during the term of the lease,[2] and that if such covenants were violated, rent for the entire term of the lease would be immediately due. Further, the lease contained a clause authorizing confession of judgment for rent for the unexpired balance of the term

[1.] Paragraph 24 of the 1963 Lease provided:
"It is hereby mutually agreed that either party may determine this Lease at the end of the second term by giving to the other party written notice thereof at least niney (90) days prior thereto, but in default of such notice this lease shall continue upon the same terms and conditions in force immediately prior to the expiration of the term hereof as are herein contained for a further period of one (1) year and so on from year to year unless or until terminated by either party hereto, giving the other ninety (90) days written notice for removal previous to expiration of the then current term; . . ."

Printed Record at 12a.

[2.] Paragraph 9(i) of the Lease provides that the lessee shall not:
"vacate or desert said premises during the term of this lease, or permit the same to be empty and unoccupied."
Paragraph 9(h) provides that the lessee shall not:
"remove, attempt to remove, or manifest an intention to remove Lessee's goods or property from or out of the demised premises otherwise than in the ordinary and usual course of business, without having first paid and satisfied Lessor for all rent which may become due during the entire term of this lease."

Printed Record at 11a.

of the lease whenever such rent was due and had not been paid.[3]

At the end of the original ten years, the parties entered into a writing which extended the term of the lease an additional year, until November 30, 1974, at an annual rent of $36,000.00. This writing made a few minor amendments to the original lease, but expressly stated that all other terms and conditions of the 1963 lease were to continue in effect.[4] The writing also stated that the ninety day notice provision would remain in effect during the one year extension of the lease.[5] The parties en-

3. Paragraph 16 of the original Lease provided:
"If the rent and/or charges hereby reserved as rent shall remain unpaid on any day when the same ought to be paid Lessee hereby empowers any Prothonotary or attorney of any Court of Record to appear for Lessee in any and all actions which may be brought for rent and/or charges, payments, costs and expenses reserved as rent, or agreed to be paid by the Lessee and/or to sign for Lessee an agreement for entering in any competent Court an amicable action or actions for the recovery of rent or other charges or expenses, and in said suits or in said amicable action or actions to confess judgment against Lessee for all or any part of the rent specified in this lease and then unpaid including, at Lessor's option, the rent for the entire unexpired balance of the term of this lease, and/or other charges, payments, costs and expenses reserved as rent or agreed to be paid by the Lessee, and for interest and costs together with an attorney's fee of not less than One Hundred Dollars or more than 5% whichever shall be the greater. Such authority shall not be exhausted by one exercise thereof, but judgment may be confessed as aforesaid from time to time as often as any of said rent and/or other charges reserved as rent shall fall due or be in arrears, and such powers may be exercised as well after the expiration of the original term and/or during any extension or renewal of this lease."
Printed Record at 12a.

4. Paragraph 7 of the extension agreement stated;
"Except as above specified, all other terms, covenants and conditions of said lease shall remain in full force and effect."
Printed Record at 23a.

5. Paragraph 4 of the agreement referred to the ninety day notice provision as follows:
"Clause 24, first paragraph, line one, the words 'at the end of the second term' are deleted and the words 'at the end of the extended term, namely November 30, 1974,' are inserted in their place."
Printed Record at 23a.

tered into a second extension agreement in December 1974, in which it was agreed that the lease would continue in effect for an additional year, until November 30, 1975, at an annual rent of $48,000.00, with all terms and conditions of the original lease, as amended by the first extension agreement, to remain in effect.[6]

Early in November, 1975, Philadelphia Folding Box, under the impression that the lease would expire on November 30, 1975, without the ninety days written notice provided in the earlier agreements, began to remove equipment from the premises in anticipation of occupying new premises. Tenreed Corporation, asserting that failure of the lessee to give notice worked to extend the term of the lease an additional year until November 30, 1976, confessed judgment on November 19, 1975, for the full amount of that additional year's rent, on the basis that lessee had violated the covenant not to abandon and thus accelerated the rent for the remaining term of the lease.

Appellee promptly petitioned to either strike or open the confessed judgment. The lower court did strike the judgment, thus the petition to open was not considered. Tenreed Corporation appealed from the order striking the judgment.

6. The text of the extension agreement of December, 1974, is as follows:
"It is hereby mutually agreed that the Agreement of Lease made on November 20, 1963, as amended by letter dated November 28, 1973, by and between the parties hereto for the captioned premises is hereby further amended as follows:

"1. Clause 3, the term is extended for a period of ONE (1) YEAR commencing December 1, 1974 and expiring November 30, 1975.
"2. Clause 4, the minimum annual rental payable during the extended term shall be FORTY–EIGHT THOUSAND DOLLARS ($48,000.00); $4,000.00 monthly.
"3. Except as above specified, all other terms, covenants and conditions of the said lease shall remain in full force and effect."

Printed Record at 24a.

■ The lower court reached the decision to strike without considering whether or not the lease had actually been extended for the year December 1, 1975, to November 30, 1976. The court said that even if the lease had been extended for the additional year, that the lease, which provided for confession of judgment for the "rent for the entire unexpired balance of the term of this lease," did not give authority to confess judgment on November 19, 1975. Although the lower court correctly states that a warrant of attorney must be strictly construed, *Walter E. Heller & Co. v. Lombard Corporation,* 423 Pa. 333, 223 A.2d 716 (1966), we do not believe this justifies the ruling that confession of judgment was authorized for the rent during the current year of the lease, but *not* for the unexpired balance of the *term* of the lease, as provided by the confession of judgment clause.

■ It is the opinion of this court that *if* in fact the lease was extended for an additional year, which we do not now decide, then that additional year, November 30, 1975, to December 1, 1976, was part of the "unexpired term of the lease." Confession of judgment would have been authorized at the time entered because lessee had begun to remove equipment. When a lease is "extended," as the parties did here by written agreement on two occasions the "term" of the lease becomes the original term plus the period of extension. No new demise is made; rather, the original demise is for whatever total number of years the parties ultimately agree to, including extension. *Thompson on Real Property,* Vol. 3, § 1120 (1959). Obviously the parties here did not contemplate any re-letting of the premises under a new lease or term. The term of the 1963 lease was to be a minimum of ten years, and was to continue beyond that period until one of the parties chose to determine the term of the lease.[7] Thus the language in the warrant of attorney au-

7. The theoretical difference between a "power to renew a lease" and the "power to extend the term" is "that the former is said to contemplate the making of a new lease, while the latter is said to

thorizing confession of judgment for rent for "the unexpired balance of the *term* of this lease" cannot reasonably be construed to mean judgment could only be confessed for rent due in the current *year* of the lease, if in fact the term of the lease had been extended for the next year.

The lower court's opinion indicates that numerous arguments made below concerning whether or not the lease had been extended were not considered by the court due to the disposition below. Since we now hold that the court's basis for striking the judgment was improper, on remand the lower court should deal with the arguments not heretofore considered in deciding whether the judgment should be stricken or opened.

Order reversed, case remanded for proceedings consistent with this opinion.

PRICE, J., dissents; HOFFMAN and SPAETH, JJ., took no part in the consideration or decision of this case.

contemplate a term created by the original lease for the full possible extended period which is terminable by the lessee at the end of the originally stipulated shorter period." *Powell on Property*, Vol. 2, paragraph 245, P. 372.43 (1966). While most courts have blurred the distinction between "extensions" and "renewals" of leases for many purposes, such a distinction remains a viable concept for some purposes.