**STRICK LEASE, INC., Appellant,**

v.

**Robert H. CUTLER, Appellee.**

No. 08–88–00111–CV.

Court of Appeals of Texas,
El Paso.

Oct. 28, 1988.

Brenda J. Norton, Norman Gordon, Diamond, Rash, Leslie & Smith, El Paso, for appellant.

Phillip C. Bowen, Johnson & Bowen, El Paso, for appellee.

Before OSBORN, C.J., and SCHULTE and WOODARD, JJ.

OPINION

WOODARD, Justice.

This is an appeal from an order staying the execution of a Pennsylvania judgment against an El Paso judgment debtor. We affirm.

In March of 1985, Appellee became a guarantor of a truck-trailer lease agreement that was executed and performed in the State of Pennsylvania. It contained a proviso that the terms would be construed under the laws of that state. It became delinquent, and judgment by confession (somewhat similar to our default judgment) was entered against the Appellee in the Pennsylvania Court of Common Pleas on August 22, 1986.

Pennsylvania statutorily authorizes prothonotaries (clerks of courts) to enter judgment after an attorney of a court of record confesses a defaulting guarantor debtor to judgment in accordance with the prior agreement to this process by the debtor in the guaranty agreement. The following instrument was filed in the trial court:

### COMPLAINT IN CONFESSION OF JUDGMENT

(under Rule 2951B)

Pursuant to the authority contained in the warrant of attorney, a copy of which is attached to the Complaint filed in this action, I appear for the Defendants and confess judgment in favor of the Plaintiff and against Defendants as follows:

| | |
|---|---|
| Principal | $66,209.45 |
| Interest due to date | 1,324.19 |
| Attorney's commission | 10,130.05 |
| Total | $77,663.69 |

Attorney for the Defendant

The precise address of the Plaintiff herein is 225 Lincoln Highway, Fairless Hills, Pennsylvania 19030 and the last known addresses of the Defendants are: Best Western Freight Systems, Inc., 156 West Commercial, Pomona, California 91766; Motor Express West, Inc., 445 Ledbetter, Dallas, Texas 75236; and Robert H. Cutler, 606 Balcones Court, # 30, El Paso, Texas, 79912.

8/8/86 /s/ Joseph Glantz

Date Joseph Glantz, Attorney for Plaintiff

It is noted that there is no signature in the space provided for the attorney for the Defendant to sign. Attorney for the Plaintiff was authorized under Pennsylvania law to sign as "Attorney for the Defendant." The court entered judgment on August 22, 1986.

■ The basic position of the Appellant is that the full faith and credit clause of the Constitution of the United States renders the judgment binding and conclusive on the courts of Texas. It is the contention of the Appellee that full faith and credit need not be given to a judgment rendered by a foreign court that had no jurisdiction over the party. While full faith and credit must be given a judgment of another state so as to preclude inquiry into the merits of the subject matter, the questions as to fraud *Shaps v. Union Commerce Bank*, 476 S.W.2d 466 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.) and jurisdiction *Bernard Gloeckler Co. v. Baker Co.*, 52 S.W.2d 912 (Tex.Civ.App.—El Paso 1932, no writ) are subject to investigation.

The Pennsylvania Supreme Court has observed that "[a] warrant of attorney authorizing judgment is perhaps the most powerful and drastic document known to civil law. The signer deprives himself of every defense and every delay of execution, he waives exemption of personal property from levy and sale under the exemption laws, he places his cause in the hands of a hostile defender." *Cutler Corp. v. Latshaw*, 374 Pa. 1, 97 A.2d 234 (1953). A warrant of attorney to confess judgment must be strictly construed and it must be exercised in strict accordance with its terms. *Kline v. Marianne Germantown Corp.*, 438 Pa. 41, 263 A.2d 362 (1970).

■ Fourteenth Amendment due process is not violated by entry in a state court, pursuant to state law, of a judgment confessed under the cognovit provisions. Due process rights must be voluntarily, knowingly and intelligently waived, similar to the waiver of a constitutional right in a criminal case. *D.H. Overmyer Co. v. Frick Company*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972). Pennsylvania's confession of judgment laws superficially are not constitutionally infirm but are pervasive and drastic. A cognovit debtor may voluntarily, knowingly and intelligently waive his due process rights in conformity with

that state's laws. *Swarb v. Lennox,* 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972).

 The record affirmatively reflects that no attorney entered an appearance for the Appellee or confessed judgment for the Appellee in accordance with the laws of Pennsylvania and the cognovit agreement that had been previously executed by the Appellee. A defendant can voluntarily, knowingly and intelligently waive his constitutional due process rights, but any subsequent action must be taken within the terms of his waiver. The requirement that an officer of the court must be a signatory to the confessed amount of damages reduces the possibility of error in the computation of them. This appearance by proxy is the only prejudgment contact with the judgment rendering court. It is a necessary step to acquire in personam jurisdiction of the defendant.

The Pennsylvania judgment is void for want of jurisdiction, and the trial court's order insofar as it stays the execution of that judgment is affirmed.