J. S12043/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

SANTANDER BANK, N.A., F/K/A/　　　　:　　IN THE SUPERIOR COURT OF
SOVEREIGN BANK, N.A.　　　　　　　:　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　:
　　　　　　　　v.　　　　　　　　:
　　　　　　　　　　　　　　　　　:
LAW OFFICES OF KENNETH M. KAPNER,　:
P.C. AND KENNETH KAPNER,　　　　　:
　　　　　　　　　　　　　　　　　:　　No. 1752 EDA 2014
　　　　　　　　　Appellants　　　:

Appeal from the Order April 22, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division No(s).: January Term, 2014 No. 00672

BEFORE: BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:　　　　　　**FILED MAY 28, 2015**

Appellants, the law offices of Kenneth M. Kapner, P.C., and Kenneth Kapner, Esquire, appeal from the order entered in the Philadelphia County Court of Common Pleas denying the petition to open or strike a confessed judgment against Appellant by Appellee, Santander Bank, N.A., formerly known as, Sovereign Bank, N.A. Appellants contend (1) the complaint was defective because the modification agreement ("MA") was not signed by both the Kapner Firm and Kapner; (2) the warrant of attorney was nullified by the MA; (3) Appellee Santander lacked the capacity to institute suit; (4) the confession of judgment in the promissory note and guaranty was not conspicuous; and (5) the complaint includes an improper claim for attorney's

---

[*] Former Justice specially assigned to the Superior Court.

fees rendering it defective on its face. We affirm the confessed judgment in all respects other than that pertaining to the confessed judgment of attorney's fees.

The trial court summarized the facts and procedural history of this case as follows:

> [Appellee] Santander Bank (Santander) confessed judgment against [Appellants] on a business line of credit ["LOC"] of $60,000, plus interest and fees. The Kapner Firm executed a Promissory Note ["PN"] for the line of credit on October 14, 2010. Kapner executed a Commercial Guaranty on the same day. Both the [PN] and the Guaranty contain Confession of Judgment provisions. Santander is the successor in interest to Sovereign Bank, which originated the loan.
>
> On or about May 13, 2013,[1] Santander offered Kapner a written modification ["MA"] of the loan. This offer contained the statement: "Please acknowledge your acceptance of the Deferred Repayment Option by signing below where indicated and returning this letter to me at the following address. . . . **Failure to do so by 6/03/2013 will leave us with no alternative but to demand payment in full under the note.**" (bold in original.)
>
> Kapner executed the [MA] on June 13, 2013, ten days after the expiration date.
>
> Santander confessed judgment against [Appellants] on January 14, 2014.
>
> [Appellants] filed a Motion to Strike or Open Judgment on February 12, 2014. . . .
>
> * * *

---

[1] We note the MA was dated May 16, 2013.

The [c]ourt denied the petition on April 17, 2014, after oral argument.

Trial Ct. Op., 8/14/14, at 1-2. On April 22, 2014, the order denying the petition was entered and Pa.R.C.P. 236(b) notice was given. This timely appeal followed. Appellants were not ordered to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On June 16, 2014, Appellants filed a motion to strike and/or set aside the writ of execution. On July 11, 2014, the court entered an order which provided that the writ of execution was stricken. The trial court filed a Pa.R.A.P. 1925(a) opinion on August 14th.

Appellants raise the following issue on appeal: "Did the lower court err in denying Appellants' Petition to Strike or in the alternative Open the Judgment of Confession, to Stay all Proceedings,[2] and for Attorney's Fees[?]" Appellants' Brief at 3.

Initially, we address Appellants' claim that Appellee lacks the capacity to bring suit. Appellants' Brief at 17. Appellants aver that as a foreign corporation doing business in Pennsylvania, Santander was required to register with the Commonwealth of Pennsylvania, Department of

---

[2] We note the court's order of July 11, 2014 renders this issue moot. **See** Order, 7/11/14.

J. S12043/15

Corporations, in order to bring the instant action, citing 15 Pa.C.S. § 4141.[3]

*Id*. at 22. We disagree.

Pursuant to statute,

> **(b) Domestic Federal financial institution exclusion.**—Except as permitted by act of Congress, this article shall not apply to:
>
> (1) Any of the following institutions or similar federally chartered institutions engaged in this Commonwealth in activities similar to those conducted by banking institutions, saving associations or credit unions:
>
> > (i) National banking associations organized under The National Bank Act (13 Stat. 99, 12 U.S.C. § 1 *et seq*.).

15 Pa.C.S. § 4101(b). Pursuant to this provision, Appellee has the capacity

to bring suit as it is a bank chartered under the National Bank Act.

---

[3] Section 4141 provides:

> **(a) Right to bring actions or proceedings suspended.**—A nonqualified foreign business corporation doing business in this Commonwealth within the meaning of Subchapter B (relating to qualification) shall not be permitted to maintain any action or proceeding in any court of this Commonwealth until the corporation has obtained a certificate of authority. Nor, except as provided in subsection (b), shall any action or proceeding be maintained in any court of this Commonwealth by any successor or assignee of the corporation on any right, claim or demand arising out of the doing of business by the corporation in this Commonwealth until a certificate of authority has been obtained by the corporation or by a corporation that has acquired all or substantially all of its assets.

15 Pa.C.S. § 4141(a). We note this section has been repealed, effective July 1, 2015.

- 4 -

First, Appellants claim that Appellees' complaint is defective because the MA, relied upon to form the basis to confess judgment, was not signed by both Kapner and the Kapner Law Firm. Appellants' Brief at 12-13. Appellants contend that Appellee did not raise the issue that Appellants failed to accept the MA until they filed the petition to strike or open the confessed judgment. *Id.* at 13. Appellants aver "[i]f this Court accepts that there was no MA then the Complaint is defective on its face because [Appellee] in the Complaint aver[s] there was a MA, which gives them the right to confess judgment." *Id.* at 14. Appellants claim the MA changed the terms of the initial agreement and therefore had to be signed by both Kapner and the Kapner Law Firm. *Id.* at 15.

As a prefatory matter, we consider whether Appellants have waived this claim. Appellants have presented no legal authority whatsoever in support of its argument. Appellants Brief at 12-15. Appellant, for example, does not explain why the MA had to be signed by both Kapner and the Kapner Law Firm. "It is the appellant who has the burden of establishing his entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law. Where the appellant has filed to cite any authority in support of a contention, the claim is waived." *Bunt v. Pension Mort. Assocs., Inc.*, 666 A.2d 1091, 1095 (Pa. Super. 1995) (citations omitted); *accord Korn v. Epstein*, 727 A.2d 1130, 1135 (Pa. Super. 1999). Because Appellants have cited no legal authority, this claim is waived on

appeal. *See J.J. Deluca Co. v. Toll Naval Assocs.*, 56 A.3d 402, 412 (Pa. Super. 2012).

Next, Appellants contend the warrant of attorney in the promissory note and guaranty were nullified by the MA because it did not "clearly and expressly incorporate the Confessions of Judgment contained in the [PN], the Guaranty or the separately executed Disclosure." Appellants' Brief at 16. Appellants argue that the loan terms were changed by the MA, thus the Confession of Judgment in the Promissory Note, Guaranty and Disclosure were nullified because of the general reference to the warrant of attorney in the MA. *Id.* at 17. Appellants aver this is a fatal defect on the record and the confession of judgment should be stricken. *Id.* We find no relief is due.

Our review is governed by the following principles:

> **A confessed judgment will be stricken only if a fatal defect or irregularity appears on the face of the record.** *Graystone Bank v. Grove Estates, LP*, 58 A.3d 1277 (Pa. Super. 2012). A judgment by confession will be opened if the petitioner acts promptly, alleges a meritorious defense, and presents sufficient evidence in support of the defense to require the submission of the issues to a jury. In adjudicating the petition to strike and/or open the confessed judgment, the trial court is charged with determining whether the petitioner presented sufficient evidence of **a meritorious defense to require submission of that issue to a jury**. A meritorious defense is one upon which relief could be afforded if proven at trial.
>
> In examining the denial of a petition to strike or open a confessed judgment, we review the order for an abuse of discretion or error of law.

In considering the merits of a petition to strike, the court will be limited to a review of only the record as filed by the party in whose favor the warrant is given, i.e., the complaint and the documents which contain confession of judgment clauses. Matters dehors the record filed by the party in whose favor the warrant is given will not be considered. If the record is self-sustaining, the judgment will not be stricken. However, if the truth of the factual averments contained in such record are disputed, then the remedy is by a proceeding to open the judgment and not to strike. An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.

. . . When determining a petition to open a judgment, matters dehors the record filed by the party in whose favor the warrant is given, i.e., testimony, depositions, admissions, and other evidence, may be considered by the court. An order of the court opening a judgment does not impair the lien of the judgment or any execution issued on it.

*Hazer v. Zabala*, 26 A.3d 1166, 1169 (Pa. Super. 2011).

*Ferrick v. Bianchini*, 69 A.3d 642, 647-48 (Pa. Super. 2013) (some citations and quotation marks omitted) (emphases added).

In **Graystone Bank**, this Court opined:

To validate a warrant of attorney appearing in a promissory note, the signature of the executor must "directly relate" to the warrant. How this relationship manifests may be understood by a review of precedent:

We have noted the need for strict adherence to rules governing confessed judgments.[ ] As a matter of public policy, Pennsylvania applies a similar strict standard to establish the validity of a cognovit clause. This is so because "a warrant of attorney to confess judgment confers such plenary power on the donee in respect of the adjudication of his own claims that certain specific

formalities are to be observed in order to effectuate the granting of such a power." ***Frantz Tractor Co. v. Wyoming Valley Nursery***, [ ] 120 A.2d 303, 305 ([Pa.] 1956). Accordingly, "[a] Pennsylvania warrant of attorney must be signed. And it will be construed strictly against the party to be benefited by it, rather than against the party having drafted it." ***Egyptian Sands Real Estate, Inc. v. Polony***, [ ] 294 A.2d 799, 803 ([Pa. Super.] 1972) (citations omitted). "A warrant of attorney to confess judgment must be self-sustaining and to be self-sustaining the warrant must be in writing and signed by the person to be bound by it. **The requisite signature must bear a direct relation to the warrant of attorney and may not be implied.**" ***L.B. Foster Co. v. Tri–W Const. Co.***, [ ] 186 A.2d 18, 20 ([Pa.] 1962) . . . .

> A general reference in the body of an executed lease to terms and conditions to be found is insufficient to bind the lessee to a warrant of attorney **not contained in the body of the lease unless the lessee signs the warrant where it does appear**. In short, a warrant of attorney to confess judgment is not to be foisted upon anyone by implication or by general and nonspecific reference.

***Frantz Tractor Co.***, ***supra*** at 305 [ ]; ***accord Egyptian Sands Real Estate, Inc.***, ***supra*** at 804 (stating, "a warrant of attorney on the second page of a document will not be conclusive against the signer of the first page"), ***Jordan v. Fox, Rothschild, O'Brien & Frankel***, 20 F.3d 1250, 1274-1275 (3d Cir. 1994) (same).

***Graystone Bank***, 58 A.3d at 1282-83 (emphases added).

The trial court opined: "[T]he lack of a recital of the warrant of attorney provisions would not necessarily be a fatal defect. The [MA] incorporates all other provisions, including the warrants of attorney for confession of judgment." Trial Ct. Op. at 2-3. We agree.

J. S12043/15

Instantly, Appellant signed the PN and Guaranty. The PN and Guaranty each contained a confession of judgment clause. The confession of judgment clause in the PN provided as follows.

> Confession of Judgment. Borrower hereby irrevocably authorizes and empowers any attorney or the Prothonotary or clerk of any court in the Commonwealth of Pennsylvania, or elsewhere, to appear at any time for borrower after a default under this note and with or without complaint filed, confess or enter judgment against borrower for the entire principal balance of this note and all accrued interest, late charges and any and all amounts expended or advanced by lender relating to any collateral securing this note, together with costs of suit, and an attorney's commission of ten percent (10%) of the unpaid principal balance and accrued interest for collection, but in any event not less than five hundred dollars($500) on which judgment or judgments one or more executions may issue immediately; and for so doing, this note or a copy of this note verified by affidavit shall be sufficient warrant. . . . Borrower hereby waives any right borrower may have to notice or to a hearing in connection with any such confession of judgment and states that either a representative of lender specifically called the confession of judgment provision to borrower's attention or borrower has been represented by independent legal counsel.

Appellants' Pet. to Strike or in the Alternative Open Confession of J., 2/12/14, Ex. "A".[4] The Guaranty contained a virtually identical confession of judgment clause. *See id.*[5]

---

[4] This appeared in the reproduced record at 64a.

[5] R.R. at 68a.

- 9 -

In addition, the PN contained a Disclosure for Confession of Judgment which was signed by Appellant Kapner, President of Law Officers of Kenneth M. Kapner, P.C. *Id.*[6] This disclosure provided, *inter alia*, as follows:

> The undersigned is executing on behalf of declarant, this 14th day of October, 2010, a [PN] for $60,000.00 obligating the declarant to repay that amount.
>
> A. The undersigned understands that the [PN] contains a confession of judgment provision that would permit lender to enter judgment against declarant in court, after a default on the note, without advance notice to declarant and without offering declarant an opportunity to defend against the entry of judgment. . . . [T]he undersigned expressly agrees and consents to lenders entering judgment against declarant by confession as provided for in the confession of judgment provision.
>
> B. The undersigned further understand that in addition to giving lenders the right to enter judgment against declarant without advance notice or a hearing, the confession of judgment provision in the [PN] also contains language that would permit lender, after entry of judgment, again without either advance notice or a hearing, to execute on the judgment . . . . The undersigned expressly agrees and consents to lenders immediately executing on the judgment in any manner permitted by applicable state and federal law, without giving declarant any advance notice.
>
> C. After having read and determined which of the following statements are applicable, by initialing each statement that applies, the undersigned represents that:
>
> 1. Declarant was represented by declarant's own independent legal counsel in connection with the [PN].

---

[6] R.R. 69a.

2. A representative of lender specifically called the confession of judgment provision in the [PN] to declarant's attention.

Appellants' Pet. to Strike or in the Alternative Open Confession of J., 2/12/14, Ex. "A".[7]  Appellant Kapner initialed sections A., B., C1 and C2. The Guaranty contains a virtually identical Disclosure for Confession of Judgment initialed by Appellant Kapner.  *See id.*[8]

The MA provided, *inter alia*, as follows:

Re:  [PN] . . . dated 10/14/2010, in the principal amount of $60,000 (the "Loan"). . .

Please be advised that effective immediately, the Bank is hereby exercising its right to discontinue any further borrowing requests made upon the above referenced Loan obligation.  The Loan is payable on demand and as a result, the Bank has the right to require you to immediately repay the entire Loan indebtedness, including principal, accrued interest and any fees.  The Bank will offer to you an option of repaying the outstanding Loan balance over 60 months beginning 10/14/2013 (the "Deferred Repayment Option") . . . .

Please acknowledge your acceptance of the Deferred Repayment Option by signing below where indicated . . . .

Failure to do so by 6/03/2013 will leave us with no alternative but to demand payment in full under the [PN].

Please note that **all other Loan provisions remain the same** during the Deferred Repayment Option term, **including** those effecting interest rates and **those concerning the Bank's right to require payment in**

---

[7] R.R. at 69a.

[8] R.R. at 70a.

> **full at any time**. If any Deferred Repayment Option payment is not paid when due, or if any other default occurs as referenced in the original Loan documents, then your Deferred Repayment Option will automatically end and the Bank will require the immediate Loan repayment in full.

*Id.*[9] (emphases added).

Appellant Kapner's signature appeared on the same page as the confession of judgment clause in the PN and Guaranty. Appellant's signature bears a direct relation to the warrant of attorney in the confession of judgment in the PN and Guaranty. *See Graystone Bank*, 58 A.3d at 1282-83. Therefore, the general reference to the terms of the loan and the warrant of attorney in the MA is sufficient to bind Appellants. *See id.*

Next, we address Appellants claim that the Confessions of Judgment in the PN and Guaranty were not conspicuous, pursuant to 13 Pa.C.S. § 1201. Appellants' Brief at 22. Appellants aver "[t]he Confessions of Judgment clauses contained in the [PN] and Guaranty are **only capitalized and not in a different font** then the rest of the printed language on the respective pages containing said Confessions of Judgment to make them distinguishable." *Id.* at 23 (emphasis added). Appellants contend "the Confessions of Judgment clauses do not contain a cognovits clause in a conspicuous manner that the undersigned is knowingly, voluntarily and

---

[9] R.R. at 71a.

intelligently waiving the right to notice and opportunity to be heard." *Id.* at 24.

Our review is governed by the following principle: "Statutory interpretation presents a question of law and, as such, our standard of review is *de novo*, while our scope of review is plenary." ***Stoloff v. Neiman Marcus Group, Inc.***, 24 A.3d 366, 369 (Pa. Super. 2011). Conspicuous is statutorily defines as follows:

> "Conspicuous." With reference to a term, means so written, displayed or presented that a reasonable person against which it is to operate ought to have noticed it. Whether a term is "conspicuous" or not **is a decision for the court**. Conspicuous terms include the following:
>
> (i) A heading in capitals equal to or greater in size than the surrounding text, **or** in contrasting type, font **or** color to the surrounding text of the same **or** lesser size.
>
> (ii) Language in the body of a record or display in larger type than the surrounding text, in contrasting type, font **or** color to the surrounding text of the same size, **or** set off from surrounding text of the same size by symbols **or** other marks that call attention to the language.

13 Pa.C.S. § 1201(1)(i)-(ii) (emphases added). "'[O]r' is disjunctive. It means one or the other of two or more alternatives." ***In re Paulmier***, 937 A.2d 364, 373 (Pa. 2007).

> "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). "Words and phrases shall be construed according to the rules of grammar and according to their common and approved usage. . . ." *Id.*, § 1903(a). "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly."

> *Id.*, § 1921(a). "When the words of a statute are clear and free from all ambiguity, they are presumed to be the best indication of legislative intent."

*Stoloff*, 24 A.3d at 369 (some citations omitted).

In *Graystone Bank*, this Court opined:

> Here, **the warrant of attorney appeared conspicuously in all caps** on the very bottom of the penultimate page of the agreement and immediately preceded where the executor (Mr. Pasch) signed at the top of the following, final page. Evidence of this location of a **conspicuous cognovit contained within the body of the agreement sufficed** to establish that Mr. Pasch effectively signed his name to the warrant of attorney.

*Graystone Bank*, 58 A.3d at 1283 (emphases added).

Instantly, the confession of judgment clauses in both the PN and Guaranty are in all capital letters. *See id.* Additionally, there are separate disclosures for confession of judgment for both the PN and Guaranty, in all capital letters. We find the confession of judgment clauses to be conspicuous. *See* 13 Pa.C.S. § 1201(1)(i-ii); *Graystone Bank*, 58 A.3d at 1283; *In re Paulmier*, 937 A.2d at 373.

Next, Appellants contend the complaint contains an improper attorney's fees claim thus rendering the complaint defective on its face. Appellant's Brief at 24. Appellants concede "the Confession of Judgment clauses contained in the [PN] and Guaranty state in pertinent part: . . . **and an attorney's commission in the amount of ten percent (10%) of the unpaid principal balance and the accrued interest for collection** . . . ." *Id.* at 26 (emphasis in original). Appellants aver the fees claimed in the

Complaint for six thousand fifty two dollars and thirty two cents are excessive based upon "[t]he amount of legal work to produce, what is a cookie cutter assortment of documents, is not in balance with what actual 'reasonable attorney's fees' would be to compile and file said Complaint." *Id.* at 27. Appellants argue that "[a]ny sums owed by the Kapner Firm and/or Kapner should be limited to reasonable fees as specifically set forth in the [PN] and Guaranty and not as set forth as averred in the Complaint." *Id.* In the alternative, Appellants aver the judgment should be opened due to the unreasonableness of the attorney's fees. *Id*. at 28. We address these claims together.

In *Graystone*, the appellants raised a similar argument. This court declined to strike the confessed judgment, but remanded for the court to address the issue of the reasonableness of the attorney's fees. This Court opined:

> Unreasonable attorney's fees also warranted striking the confessed judgment, [the a]ppellants argue. Pursuant to the warrant of attorney's fee-shifting clause, Appellees included in their confessed judgment attorney's fees in the amount of 10% of outstanding principal . . . . [The a]ppellants argue that this figure, though reflecting the percentage stipulated to in the parties' contract, far exceeds a reasonable fee for filing four "boilerplate" confessions of judgment upon each of the [a]ppellees. We agree that **the record fails to demonstrate whether the court conducted a reasonableness inquiry into the fees that resulted from operation of the 10% provision**.
>
> Our jurisprudence is clear that even where a contract authorizes fee-shifting in a particular amount, that amount

> must be reasonable under the circumstances. ***McMullen v. Kutz***, [ ] 985 A.2d 769 ([Pa.] 2009) (collecting cases from majority of states, including decisions applying to loan documents authorizing lender to recover legal expenses); ***Dollar Bank*** [***Fed. Sav. Bank v. Northwood Cheese Co.***, 637 A.2d 309, 314 (Pa. Super. 1994)], (holding court will modify judgment and cause proper judgment to be entered where confessed judgment was entered according to contract but in excessive in amount).
>
> It is unclear, however, whether the lower court recognized that the fee-shifting provision within the warrant of attorney was subject to a **reasonableness standard**. Indeed, the court states that the provision elsewhere in the agreement requiring a reasonable attorney fee for collecting on the loan was distinct, and, thus, did not "preclude the provision allowing the award of 10% of the principal in attorney's fees in the confession of judgment and render it obsolete."
>
> *        *        *
>
> **The record gives no indication if the court reviewed whether the 10% attorney's fee provision worked a reasonable result under the circumstances.** We therefore must remand this matter for the court to conduct such review of the resultant attorney's fees and, if necessary, open and modify the confessed judgment to make the fee amount reasonable.

***Graystone***, 58 A.3d 1283-84 (emphases added).

In the case *sub judice*, at the hearing on the petition to strike or in the alternative open the confessed judgment, counsel for Appellants raised the issue of the reasonableness of the attorney's fee award. **See** N.T., 3/19/14, at 7-8. At the conclusion of the hearing, the trial court indicated that it would take the matter under advisement. ***Id.*** at 16. In its opinion the trial court states that Appellants argue the judgment should be opened because

"the attorney's fees claimed are excessive and unreasonable." Trial Ct. Op. at 2. However, the court did not address the merits of the issue in its opinion. *See id.* at 1-4.

We have no indication if the court reviewed whether the 10% attorney's fee resulted in a reasonable result. Therefore, we remand this matter for the court to review the reasonableness of the attorney's fees and, "if necessary, open and modify the confessed judgment to make the fee amount reasonable." *See Graystone*, 58 A.3d 1283-84.

Lastly, Appellants' claim the trial court erred in denying the petition to open the judgment by confession because "Kapner and the Kapner Firm did not knowingly, voluntarily and intelligently consent to waive of his right to a trial by jury and/or hearing before the entry of judgment especially in light of the fact that the Kapner Guaranty and the Kapner Firm [PN] and Guaranty Confessions of Judgment were nullified by the [MA] as it pertains to the Confession of Judgment."[10] Appellants' Brief at 28. Given our resolution of this issue in relation to Appellants' argument in support of his claim that the

---

[10] This averment and the claim that "[h]ere, the attorney's fees claimed due in the Complaint are excessive and ureasonable and are in contravention to applicable law[,]" constitutes Appellants' one paragraph argument in support of its claim of trial court error. *See* Appellants' Brief at 28.

trial court erred in denying his petition to strike the confessed judgment, we need not revisit it.[11] **_See supra._**

We affirm order in all respects other than that pertaining to the confessed judgment of attorney's fees, which the lower court shall review in a manner consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/28/2015

---

[11] We note Appellants have not "allege[d] a meritorious defense, and present[ed] sufficient evidence in support of the defense to require the submission of the issues to a jury," in support of the claim that the court erred in denying the petition to open the confessed judgment. **_See Ferrick_**, 69 A.3d at 647.