J-A27011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| B & S ASSOCIATES | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| EMSTAR AMBULANCE SERVICES A/K/A PCA EMSTAR HOLDINGS A/K/A EMSTAR | |
| Appellant | No. 2729 EDA 2015 |

Appeal from the Order July 20, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): March Term, 2014, No. 00872

BEFORE: PANELLA, J., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED FEBRUARY 02, 2017**

Appellant, Emstar Ambulance Services a/k/a PCA Emstar Holdings a/k/a Emstar, appeals from the order entered in the Philadelphia County Court of Common Pleas, following denial of Appellant's petitions to strike and/or open and stay a confessed judgment in favor of Appellee, B & S Associates. After careful review, we affirm.

The relevant facts and procedural history are as follows. Appellee and Appellant entered into a commercial lease agreement on December 29, 2011, (the "Lease") and Addendums A & B dated February 1, 2012, whereby Appellant leased office space (the "Leased Premises") from Appellee.

---

[*] Former Justice specially assigned to the Superior Court.

The Lease identified Appellant by four different name variants, EmStar Ambulance Services, EM-Star Ambulance Service, EMStar, and Emstar. Appellant's executive director, Daniel Herman, initialed pages two through ten of the Lease and signed his full name immediately below "Emstar," which was handwritten on page ten of the Lease. The Lease contained a warrant of attorney authorizing entry of judgment against Appellant in the event of Appellant's default on the terms of the Lease.

On March 7, 2014, Appellee filed a complaint in confession of judgment for monetary damages against Emstar Ambulance Services. Through their complaint, Appellee averred that Appellant failed to pay rent on February 1, 2014, resulting in a default on the terms of the Lease. By virtue of the warrant of attorney in the Lease, Appellee confessed a judgment against Emstar Ambulance Services on March 7, 2014 for $191,643.50.

On April 1, 2015, Appellee filed a motion to amend caption to include Appellant's legal names, PCA EMStar Holdings, L.P., and EmStar, as alternate names for defendant. Appellant opposed Appellee's motion, stating that it was not a party to the Lease and did not occupy the Leased Premises pursuant to the terms of the Lease. Further, Appellant alleged that the granting of the motion to amend would add a new party to the action, and result in the liability of Appellant for the confession of judgment under the

terms of the Lease. The trial court rejected Appellant's arguments, and entered an order granting Appellee's motion to amend on May 13, 2014.[1] Thereafter, on May 15, 2015, Appellee filed a praecipe to amend the caption to identify defendant as "Emstar Ambulance Services a/k/a PCA EMStar Holdings, L.P. a/k/a EmStar," and an amended complaint in confession of judgment. The amended complaint was granted on May 22, 2015, and a judgment of $191,643.50 was confessed against Appellant.

On June 24, 2015, Appellant filed a petition to strike confessed judgment or, in the alternative, petition to open confessed judgment and an emergency petition to stay. Through its petition, Appellant averred, again, that it was not a party to the Lease, that it exited the Leased Premises on February 9, 2014, and that Appellee changed the locks to the Leased Premises in March 2014, thereby evicting Appellant and eliminating its obligation to pay accelerated rent under the warrant of attorney in the Lease. In order to support these allegations, Appellant appended an affidavit containing these claims signed by Joseph Zupnik. Appellee subsequently responded to this petition, denying Appellant's allegation that it changed the locks to the Leased Premises.

On July 17, 2015, the trial court entered orders staying execution and granting a rule upon Appellee to show cause why relief from execution

---

[1] We note that the order granting the motion to amend is dated May 13, 2015, but is docketed May 14, 2015.

- 3 -

should not be granted. However, on July 20, the trial court vacated these orders and denied both of Appellant's petitions. This timely appeal followed.

Through its brief, Appellant purports to raise thirteen issues on appeal. *See* Appellant's Brief at 4-7. However, Appellant only separates its arguments into four sections in the argument portion of its brief. *See* Pa.R.A.P. 2119 (stating that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part…."). While we can overlook this technical violation in certain situations, we will find waiver where an appellant fails to raise or develop an issue properly. *See*, *e.g.*, *Butler v. Illes*, 747 A.2d 943, 944-945 (Pa. Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to explain cogently or even tenuously assert how trial court abused its discretion or made error of law).

Here, Appellant clearly failed to raise or develop all of its issues because although some of the thirteen issues raised are discussed within by the four sections of the argument portion of its brief, Appellant fails to offer any argument on several issues it purportedly raises on appeal. Thus, we will restrict our review to the questions raised at the beginning of the four sections of the argument portion of Appellant's brief, and find all other issues not contained within these sections waived. *See id*.

Prior to addressing Appellant's issues on the merits, we must examine whether Appellant has properly preserved its issues for our review. Appellee contends that Appellant has waived its first claim, that the confession of judgment was invalid on its face as "no instrument exists which contains a warrant of attorney for [Appellee] to confess judgment against Appellant." *See* Appellee's Brief, at 31; Appellant's Brief, at 26-31. Appellant's argument rests upon its contention that it was not a party to the Lease because its legal name was not contained within the Lease. *See* Appellant's Brief, at 29. Appellee argues that this particular issue had previously been addressed in an order granting Appellee's motion to amend caption. *See* Appellee's Brief, at 31. Because Appellant failed to challenge the order granting Appellee's motion to amend caption in the instant appeal, Appellee argues that Appellant has waived this issue. *See id*. We agree.

Under Pa.R.C.P. 1033, "[a] party, either by filed consent of the adverse party or by leave of court" may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading." A correction of the name of a corporation is allowable under Pa.R.C.P. 1033, as long as such a change does not substitute a different party. *See Jacob's Air Conditioning & Heating v. Associated Heating & Air Conditioning*, 531 A.2d 494, 496 (Pa. Super. 1987).

Thus, the order of May 13, 2014, allowing amendment of the caption, effectively determined that Emstar Ambulance Services was the same party

as PCA EMstar Holdings, L.P. for the purposes of this suit. Appellant failed to include a challenge to the May 13, 2014 order in its Rule 1925(b) statement for the instant appeal. Therefore, Appellant has waived the claim that it was not a party to the lease containing the warrant of attorney. *See Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) ("Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived.")

In its next two issues, Appellant contends that the trial court erred by failing to strike the confessed judgment. We review an order denying a petition to strike for manifest abuse of discretion or error of law. *See Atlantic National Trust, LLC v. Stivala Investments, Inc.*, 922 A.2d 919, 922 (Pa. Super. 2007).

"A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. [It] may be granted only for a fatal defect or irregularity appearing on the face of the record." *Knickerbocker Russell Co., Inc. v. Crawford*, 936 A.2d 1145, 1146-1147 (Pa. Super. 2007) (citations omitted). In assessing whether "there are fatal defects on the face of the record . . . , a court may only look at what was in the record when the judgment was entered." *Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 917 (Pa. 1997) (quoting *Resolution Trust Corp., v. Copley Qu-Wayne Assocs.*, 683 A.2d 269, 273 (Pa. 1996)). Therefore, the original record that is subject to review in a petition to strike a confessed

judgment consists only of the complaint in confession of judgment and the attached exhibits. ***See id***.

First, Appellant alleges that the trial court erred in failing to strike the confessed judgment because Appellee was not entitled to the entire amount of the confessed judgment. ***See*** Appellant's Brief, at 31. Appellant claims that the judgment should have been stricken because it offered evidence in the form of an affidavit, attached to Appellant's petition to strike/open, that Appellee changed the locks and effectively evicted Appellant from the Leased Premises. ***See id***. Therefore, Appellant contends that Appellee was not entitled to accelerated rent for the period after Appellee changed the locks. ***See id***.

However, Appellant's argument fails to recognize that the affidavit was not a document the trial court was entitled to review in considering the merits of its petition to strike. Appellant's affidavit was filed *after* the confession of judgment was entered. A petition to strike *only* looks for fatal defects on the face of the record at the time the confession of judgment was entered. ***See Cintas***, 700 A.2d at 917. The record reveals that at the time the confessed judgment was entered, there was no evidence of an irregularity in the calculation of damages on the face of the record. Thus, Appellant was not entitled to have the confessed judgment stricken on this basis.

Second, Appellant contends that the trial court should have stricken the judgment because the warrant of attorney was not self-sustaining, voluntarily accepted, or consciously assumed. *See* Appellant's Brief, at 35-36.

Because a warrant of attorney to confess judgment confers such plenary powers on the party benefited by it, as a matter of public policy, we apply a strict standard to establish the validity of a warrant of attorney. *See Frantz Tractor Co. v. Wyoming Valley Nursery*, 120 A.2d 303, 305 (Pa. 1956). Accordingly, a warrant of attorney to confess judgment must be self-sustaining. *See L.B. Foster Co. v. Tri-W Const. Co.*, 186 A.2d 18, 20 (Pa. 1962). In order to be self-sustaining, the warrant must be in writing, signed by the person to be bound by it, and the signature must bear a direct relation to the warrant of attorney and may not be implied. *See id*. "There should be no doubt that the lessee signed the warrant and that he was conscious of the fact that he was conferring a warrant upon the lessor to confess judgment in the event of a lease." *Ferrick v. Bianchini*, 69 A.3d 642, 651 (Pa. Super. 2013).

Appellant's sole basis for contending that the warrant of attorney is not self-sustaining is that it was written in the same small print as the rest of the Lease. *See* Appellant's Brief, at 36. Appellant contends that this made the warrant of attorney as inconspicuous as the rest of the Lease and

prevented Appellant from consciously assuming and voluntarily accepting the clause. *See id*.

Appellant's argument fails. In ***Germantown Sav. Bank v. Talacki***, 657 A.2d 1285 (Pa. Super. 1995), we denied relief to a defendant posing the exact same argument.

> The warrant of attorney in this case appeared as a separately numbered paragraph within the body of the Guaranty; it was paragraph six out of 18, on page three of nine pages. It was printed in the same size type as the rest of the text. It was not a finely printed clause on the unsigned reverse of the document. It is clear that a party's signature to a contract is designed to evidence his or her intention to be bound thereby. Where, as here, the debtor has not alleged fraud, and has produced no evidence to show a lack of capacity to understand the document signed, or that he or she had asked for an explanation of the contract language, the debtor must be held to the contract terms.

*Id*. at 1289-1290 (citations omitted).

We are bound by ***Germantown***. Herman's initials appear on the page of the Lease containing the warrant of attorney clause, and his signature appears at the end of the Lease. Herman was the executor director of Appellant and Appellant does not challenge Herman's power to bind Appellant to contracts. Appellant has produced no evidence of fraud or shown a lack of capacity to understand the warrant of attorney clause. Thus, the warrant of attorney clause in the Lease clearly complies with the requirements set forth in case law. Appellant's third issue on appeal merits no relief.

Finally, Appellant argues that the trial court erred by failing to open the confessed judgment. *See* Appellant's Brief, at 37-43. Appellant contends that it provided a meritorious defense to the confessed judgment by claiming that Appellee is not entitled to accelerated rent as part of the confessed judgment. *See id*. Appellant claims that it submitted sufficient evidence of this defense in the form of an affidavit in which Zupnik contends that Appellee evicted Appellant by changing the locks to the Leased Premises in March of 2014. *See id*. Appellee disputes Appellant's claims that it changed the locks to the Premises. *See* Appellee's Brief, at 14

We review an order refusing to open a confessed judgment for an abuse of discretion. *See PNC Bank, Nat. Ass'n v. Bluestream Technology, Inc.*, 14 A.3d 831, 835 (Pa. Super. 2010). In situations where a party files both a petition to open and a petition to strike, "[i]f the truth of the factual averments contained in [the complaint in confession of judgment and attached exhibits] are disputed, then the remedy is by proceeding to open the judgment, not strike it." *Neducsin v. Caplan*, 121 A.3d 498, 504-505 (Pa. Super. 2015).

In order to succeed on a petition to open a judgment, a petitioner must "(1) act[] promptly, (2) allege[] a meritorious defense, and (3) produce sufficient evidence to require submission of the case to a jury." *PNC Bank*, 14 A.3d at 835. (internal citations and quotations omitted).

> [A] court should open a confessed judgment if the petitioner promptly presents evidence on a petition to open which in a jury trial would require that the issues be submitted to the jury. A

- 10 -

petitioner must offer clear, direct, precise and believable evidence of a meritorious defense, sufficient to raise a jury question. In determining whether sufficient evidence has been presented, we employ the same standard as in a directed verdict: we view all the evidence in the light most favorable to the petitioner and accept as true all evidence and proper inferences supporting the defense while we reject adverse allegations of the party obtaining judgment.

*Stahl Oil Co. v. Helsel*, 860 A.2d 508, 512 (Pa. Super. 2004) (internal citations omitted). Further,

The petitioner need not produce evidence proving that if the judgment is opened, the petitioner will prevail. Moreover, we must accept as true the petitioner's evidence and all reasonable and proper inferences flowing therefrom.

In other words, a judgment of confession will be opened if a petitioner seeking relief therefrom produced evidence which in a jury trial would require issues to be submitted to a jury. The standard of sufficiency here is similar to the standard for a directed verdict, in that we must view the facts most favorably to the moving party, we must accept as true all the evidence and proper inferences in support of the defense raised, and we must reject all adverse allegations.

*Neducsin*, 121 A.3d at 506-507 (internal quotations and citations omitted).

Here, our review of the record confirms the trial court's observation that while Appellant did offer evidence in support of its defense that Appellee was not entitled to confess judgment for accelerated rent, we cannot find that the defense is meritorious. Appellant claims that its affidavit puts into dispute whether there was an abandonment of the Premises before Appellee changed the locks, and the resolution of that question determines whether Appellee was entitled to confess judgment for accelerated rent. *See*

Appellant's Brief, at 39. However, the content of Appellant's *own* affidavit resolves this dispute. The affidavit states:

> 5. From on or about February 1, 2012 to on or about February 9 2014 [Appellant] occupied the [Leased Premises].
>
> \*\*\*\*\*
>
> 10. In March 2014, [Appellee] changed the locks to the Premises thereby preventing [Appellant] from occupying the Premises.

Appellant's Petition to Open/Strike, Affidavit of Zupnik, at ¶¶ 5, 10.

When a tenant voluntarily abandons a leased premises, a landlord has the right to immediate repossession of the premises. **See Turnway Corporation v. Soffer**, 336 A.2d 871, 877 (Pa. 1975). Typically, in order to prove abandonment, the landlord bears the burden of demonstrating (1) the tenant's intention to abandon; and (2) conduct by which the intention is carried into effect. **See id**. However, here, Appellant *admits* that it abandoned the Premises, *more than two weeks* before it claims to have been evicted by Appellee. Based upon this admission, it is immaterial whether Appellee actually changed the locks to the Premises; after Appellant abandoned the Premises on February 9, 2014, Appellee was entitled to re-enter the Premises and confess judgment for accelerated rent. **See Ferrick** 69 A.3d at 657. Thus, Appellant's argument does not provide it "with a meritorious defense to the validity of the confessed judgment for accelerated rent." **Id**.

Therefore, even viewing the evidence in the light most favorable to Appellant and accepting as true all evidence and proper inferences drawn therefrom, we find that the trial court correctly found that Appellant failed to provide "clear, direct, precise, and believable evidence[,]" in support of a meritorious defense. *See Stahl Oil Co*., 860 A.2d at 512. Thus, the trial court did not abuse its discretion in denying Appellant's petition to open the confessed judgment. Appellant's final issue on all merits no relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/2017

- 13 -