J-S11005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HP PROPERTIES ONE, LLC | IN THE SUPERIOR COURT |
| | OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM C. WEISS | |
| Appellant | No. 971 WDA 2020 |

Appeal from the Order Entered June 19, 2020
In the Court of Common Pleas of Mercer County
Civil Division at No: 2020-00258

BEFORE:  STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED: JULY 8, 2021**

Appellant, William C. Weiss ("Weiss"), appeals from the order entered June 19, 2020, in the Court of Common Pleas of Mercer County, denying his petition to strike a confessed judgment entered in favor of Appellee, HP Properties One, LLP ("HP").  Weiss contends the trial court abused its discretion or committed error of law by denying the petition to strike.  Upon review, we affirm.

In its procedural history of the case, the trial court explained that HP filed a complaint in confession of judgment on January 21, 2020.  Trial Court

_____

[*] Retired Senior Judge assigned to the Superior Court.

Opinion, 6/19/20, at 3.[1]  On February 19, 2020, Weiss filed a petition to strike or open the confessed judgment, and sought a change of venue.  *Id.*  In the petition to strike, Weiss asserted four defects.  *Id.* at 3-4.

On April 3, 2020, the trial court granted HP leave to file an amended complaint to enforce the confession of judgment.  In the amended complaint filed the same day, the defects in the original complaint were "cured to the extent they existed, . . . with the exception of whether [Weiss] was a signator or party to a cognovit clause."  *Id.* at 4.  On April 17, 2020, Weiss filed an answer and counterclaim to the petition to strike.  On June 5, 2020, the trial court struck off the counterclaim as improper.  *Id.*

By order entered June 19, 2020, the trial court denied Weiss's petition to strike.[2]  The court reserved its decision on the requests to open the judgment and transfer venue and scheduled a September 16, 2020 hearing to address those issues.  However, on September 9, 2020, Weiss's counsel filed a praecipe to withdraw "the particular relief" requested regarding the petition to open and to transfer venue.  Weiss then filed a timely appeal from

_____

[1] The loan at issue in this case was extended by First Choice Bank.  Appellee, HP, purchased the right, title, and interest in the loan on January 28, 2019, and confessed judgment against Weiss on January 21, 2020, in the amount of $331,432.11 following default on the loan.  The amount represented Weiss's 33.34% maximum liability under a September 6, 2013 Limited Guaranty Agreement.  *See* Complaint, 1/21/20, at ¶¶ 26-27 and n. 4, *infra*.

[2] Weiss sought reconsideration of the court's denial of his petition to strike.  On June 29, 2020, the trial court denied the motion for reconsideration.

the June 19, 2020 order denying his petition to strike judgment. Weiss filed a concise statement of errors pursuant to Pa.R.A.P. 1925(b), setting forth eight assertions of trial court error or abuse of discretion relating to denial of the motion to strike. In response, the trial court issued a Rule 1925(a) opinion incorporating its June 19, 2020 opinion. Rule 1925(a) Opinion, 11/20/20.

Weiss asks this Court to consider one issue, *i.e.*, "Did the lower court abuse its discretion and/or commit legal error, by denying Weiss's Petition to strike the confessed money judgment [to which Weiss was not a signator]." Appellant's Brief at 3.

In ***Ferrick v. Bianchini***, 69 A.3d 642 (Pa. Super. 2013), this Court explained:

> Our review is informed by the following principles. A confessed judgment will be stricken "only if a fatal defect or irregularity appears on the face of the record." ***Graystone Bank v. Grove Estates, LP***, 58 A.3d 1277 (Pa. Super. 2012)[, *aff'd*, 81 A.3d 880 (Pa. 2013)]. . . .
>
> In examining the denial of a petition to strike . . . a confessed judgment, we review the order for an abuse of discretion or error of law. ***PNC Bank v. Bluestream Tech., Inc.***, 14 A.3d 831, 835 (Pa. Super. 2010).
>
> > In considering the merits of a petition to strike, the court will be limited to a review of only the record as filed by the party in whose favor the warrant is given, *i.e.*, the complaint and the documents which contain confession of judgment clauses. Matters dehors the record filed by the party in whose favor the warrant is given will not be considered. If the record is self-sustaining, the judgment will not be stricken. However, if the truth of the factual averments contained in such record are disputed, then the remedy is by a proceeding to open the judgment and not to strike. An order of the court striking a judgment annuls the original

judgment and the parties are left as if no judgment had been entered.

***Id.*** at 647 (quoting ***Hazer v. Zabala***, 26 A.3d 1166, 1169 (Pa. Super. 2011)).

"A warrant of attorney is a contractual agreement between the parties and the parties are free to determine the manner in which the warrant may be exercised." ***Neducsin v. Caplan***, 121 A.3d 498, 505 (Pa. Super. 2015) (quoting ***Midwest Financial Acceptance Corp. v. Lopez***, 78 A.3d 614, 623 (Pa. Super. 2013) (additional citation omitted)).

In ***Ferrick***, this Court observed:

We are mindful that "[a] warrant of attorney authorizing judgment is perhaps the most powerful and drastic document known to civil law" and "equivalent to a warrior of old entering a combat by discarding his shield and breaking his sword." ***Cutler Corp.***[ ***v. Latshaw***, 97 A.2d 234, 236 (Pa. 1953)]. For that reason, the courts of this Commonwealth require that a warrant of attorney be explicit and strictly construed. "[A] warrant of attorney to confess judgment must be self-sustaining; the warrant must be in writing and signed by the person to be bound by it; and the requisite signature must bear a direct relation to the warrant and may not be implied extrinsically nor imputed from assignment of the instrument containing the warrant." ***Crum***[ ***v. F.L. Shaffer Co.***, 693 A.2d 984, 988 (Pa. Super. 1997)]. There should be no doubt that the lessee signed the warrant and that he was conscious of the fact that he was conferring a warrant upon the lessor to confess judgment in the event of breach. As our High Court held in ***L.B. Foster Co. v. Tri–W Constr. Co.***, 409 Pa. 318, 186 A.2d 18, 19–20 (1962), "*[a] general reference in the body of an executed lease to terms and conditions to be found* outside the agreement is insufficient to bind the lessee to a warrant of attorney not contained in the body of the lease unless the lessee signs the warrant where it does appear. In short, a warrant of attorney to confess judgment is not to be foisted upon anyone by implication or by general and nonspecific reference." (emphasis in original).

***Id.*** at 651.

The trial court summarized the loan documents relevant to its analysis as follows:

> On September 6, 2013 the borrower in the underlying transaction, QIOC, L.P., entered into a $4 million dollar loan with First Choice Bank.[3]  Paragraph 3 of the Promissory Note defines, "loan documents."  Subsection (d) of ¶ 3 includes as a loan document the joint and several unconditional limited guarantees of several parties, including [Weiss].  Page 7, subsection (f) of the Promissory Note contains a confession of judgment clause. [Weiss] did not sign the Promissory Note.
>
> Also on September 6, 2013 [Weiss] executed a Limited Guarantee Agreement.[4]  Pages 4 and 5 of the Agreement contain a confession of judgment clause under the heading "Power to Confess Judgment."  [Weiss's] signature appears on said Agreement.
>
> On September 5, 2013 [Weiss] executed a "Disclosure for Confession of Judgment (Guarantor)" (hereinafter "Disclosure") dated September 6, 2013.  This Disclosure is two pages in length, a majority of said document being the identification of the parties and the signature lines.  [Weiss] is expressly identified as a party to the agreement and in fact signed same.  The substantive provisions are comprised of four paragraphs.
>
> The disclosure contains the identification of "Guarantee of Note from QIOC, L.P. and other loan documents in the sum of

---

[3] The Promissory Note identifies the lender as First Choice Bank, "**its successors and assigns**."  Promissory Note, 9/6/13, at 1 (emphasis added).  Similarly, the Limited Guaranty Agreement recognizes that the guaranty inures to the benefit of, and is enforceable by, "the bank and **its successors, transferees and assigns**[.]"  Limited Guaranty Agreement, 9/6/13, at ¶ 13 (emphasis added).  As noted above, HP purchased the interest in the loan on January 28, 2019, and is a successor or assign of First Choice Bank.

[4] The Guaranty Agreement, entered into "in consideration of the extension loans and other credit accommodation" by the Lender, limited Weiss's exposure to 33.34% of the Obligation.  Limited Guaranty Agreement, 9/6/13, at ¶ 1.

$4,000,000.00 (Four Million and 00/100 Dollars)." This sentence is immediately followed by subparagraph (a) which states,

"The undersigned acknowledges and agrees that the **above documents** contain provisions under which Lender may enter judgment by confession **against the undersigned. . . .** the undersigned hereby freely, knowingly, and intelligently . . . **expressly agrees and consents to lenders entering judgment against it by confession pursuant to the terms thereof.**" (Emphasis added).

Subparagraph (c) of the disclosure states, "(t)he undersigned certifies that a representative of Lender specifically called the confession of judgment provisions in the above documents to the attention of the undersigned, and/or that the undersigned was represented by legal counsel in connection with the above documents."

Trial Court Opinion, 6/19/20, at 4-5.

As reflected in the trial court's summary of the loan documents, the three relevant documents are all dated September 6, 2013, and are related to the $4,000,000 loan from First Choice Bank to QIOC, LLP. Although Weiss did not sign the Promissory Note ("Note") that included a confession of judgment provision, he did sign the Limited Guaranty Agreement ("Guaranty Agreement") and the Disclosure for Confession of Judgment ("Disclosure"). In the Guaranty Agreement, which does include a confession of judgment provision in bold typeface, Weiss guarantees the prompt payment of loans owing to First Choice by QIOC. Guaranty Agreement, 9/6/13, at ¶ 12 and ¶ 1. The Disclosure, which is dated September 6, 2013 but which Weiss signed on September 5, 2013 in the presence of a notary, refers to the "Guaranty of Note from QIOC, L.P. and other Loan Documents." Disclosure, 9/6/13, at 1.

As reflected in the trial court's opinion, in the Disclosure, Weiss acknowledged the provision in the loan documents that authorized First Choice Bank to confess judgment against Weiss. Trial Court Opinion, 6/19/20, at 8 (citing Disclosure, 9/6/13, at 1, ¶ A). Weiss acknowledged and waived rights to notice and a hearing and expressly agreed and consented to First Choice Bank entering judgment against him by confession, pursuant to the terms of the Note and the other loan documents. Disclosure, 9/6/13, at 1, ¶ A. Further, as the trial court recognized, Weiss certified that a representative of First Choice Bank "specifically called the confession of judgment provisions in the above documents to the attention of [Weiss]," and/or that [Weiss] was represented by legal counsel in connection with the above documents. Trial Court Opinion, 6/19/20, at 8 (quoting Disclosure, 9/6/13, at 2, ¶ C).

> The trial court concluded:

> The Amended Complaint in this matter, and all documents attached thereto, clearly establish [Weiss's] knowledge of, and consent to be bound by, the confession of judgment provisions set forth in the promissory note. The matter before this court is not a situation in which confession of judgment clauses are contained in fine print, on the back of documents which are only signed on the front, or the confession of judgment provisions were foist[ed] upon [Weiss] by "general non-specific" reference. The Disclosure expressly identifies the Promissory Note.

*Id.* at 8.

We agree. As this Court acknowledged in *Ferrick*, a warrant of attorney authorizing a confessed judgment is a powerful and potentially drastic provision. Therefore, the warrant of attorney is to be strictly construed. *See*

*Ferrick*, 69 A.3d at 651. In accord with the cases cited in the *Ferrick* excerpt set forth above, Weiss's signatures on the Guaranty Agreement and the Disclosure bear a direct relation to the warrant authorizing confession of judgment. In fact, the Guaranty Agreement includes a confession of judgment provision that would be triggered by any event of default of the Borrower, QIOC, L.P. Limited Guaranty Agreement, 9/6/13, at ¶ 12. *See also Crum*, 693 A.2d at 988. There is no question that Weiss signed the Guaranty Agreement and the Disclosure, both of which were loan documents along with the Note, and that, based on the Guaranty Agreement and the Disclosure themselves, Weiss was conscious of the fact he was conferring a warrant upon the lender to confess judgment in the event of a default. Unlike the plaintiff in *L.B. Foster*, the warrant of attorney to confess judgment here was not "foisted upon [Weiss] by implication or by general and nonspecific reference." *See L.B. Foster*, 186 A.2d at 20. Rather, the Note identified the Guaranty Agreement as a loan document, Note at ¶ 3(d); specified that Weiss, as a guarantor, was an obligor, *id.* at ¶ 4; reflected that the failure of any obligor to make payment pursuant to the Note or any guaranty constituted a default of the loan, *id.* at ¶ 4(a); and authorized confession of judgment in the event of default, *id.* at 7-8 (Miscellaneous Provision f.). We find no abuse of discretion or error of law in the trial court's denial of Weiss's petition to strike. Therefore, we shall not disturb its ruling.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/8/2021