J-A13019-18, J-A13020-18, J-A13021-18, J-A13022-18, J-A13023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NORTHWEST BANK, FORMERLY, NORTHWEST SAVINGS BANK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMKEY GAS PROCESSING, LLC | : | |
| | : | No. 1338 WDA 2017 |
| Appellant | : | |

Appeal from the Order September 12, 2017
In the Court of Common Pleas of Crawford County Civil Division at No(s):
DSB 2016-659

| | | |
|---|---|---|
| NORTHWEST BANK, FORMERLY, NORTHWEST SAVINGS BANK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MID AMERICAN NATURAL RESOURCES, LLC, AND EMKEY ENERGY, LLC | : | No. 1339 WDA 2017 |
| | : | |
| | : | |
| Appellants | : | |

Appeal from the Order September 12, 2017
In the Court of Common Pleas of Crawford County Civil Division at No(s):
DSB 2016-660

| | | |
|---|---|---|
| NORTHWEST BANK, FORMERLY, NORTHWEST SAVINGS BANK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OIVIND RISBERG AND EMKEY GAS PROCESSING, LLC | : | No. 1340 WDA 2017 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered September 12, 2017
In the Court of Common Pleas of Crawford County Civil Division at No(s):
DSB 2016*661

| | | |
|---|---|---|
| NORTHWEST BANK, FORMERLY, NORTHWEST SAVINGS BANK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMKEY GAS PROCESSING, LLC | : | |
| | : | No. 1341 WDA 2017 |
| Appellant | : | |

Appeal from the Order September 12, 2017
In the Court of Common Pleas of Crawford County Civil Division at No(s):
DSB 2016-662

| | | |
|---|---|---|
| NORTHWEST BANK, FORMERLY, NORTHWEST SAVINGS BANK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MID AMERICAN NATURAL RESOURCES, LLC | : | |
| | : | No. 1342 WDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered September 12, 2017
In the Court of Common Pleas of Crawford County Civil Division at No(s):
No. DSB 2016-663

BEFORE:  OLSON, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                **FILED SEPTEMBER 21, 2018**

- 2 -

In these consolidated appeals,[1] Appellants, Emkey Gas Processing, LLC, Mid American Natural Resources, LLC, Emkey Energy, LLC, and Oivind Risberg (collectively "Appellants"), appeal from the Orders entered in the Crawford County Court of Common Pleas denying their Petitions to Open and/or Strike five separate confessed judgments.[2]  After careful review, we affirm.

The trial court summarized the facts and procedural history as follows:

> The judgments arise from a banking relationship between the [Appellee] bank and [Appellants].  [Appellants] obtained loans from [Appellee] by entering into Loan Agreements and Notes containing confession of judgment clauses.  Problems arose in June of 2015 when [Appellants] reported an issue with their borrowing base.  The bank demanded payment, and [Appellants] made certain payments in an effort to become current.  In March of 2016, [Appellants] stopped making payments to the bank.  In July of 2016, [Appellee] confessed judgment against [Appellants] with the judgments totaling $1,674,505.53.

Trial Ct. Op., 9/13/17, at 2.

On August 29, 2016, Appellants filed a Petition to Strike and/or Open Judgment by Confession at each of five dockets.  Appellants argued that Appellee made misleading representations and acted in bad faith with a course of conduct designed to ultimately induce Appellants to default under the Loan Agreements.  **See** Brief in Support of Petitions, 7/17/17, at 7-12.  In particular, Appellants claimed that they detrimentally relied on Appellee's statements that Appellants' payments would cure any default.  They also

---

[1] We consolidated these matters *sua sponte*.

[2] Appellee, Northwest Bank, filed the confessed judgments at Docket Nos. DSB 2016-659, DSB 2016-660, DSB 2016-661, DSB 2016-662, and DBS 2016-663.

argued that the court should open the Judgments because Appellee's claimed damages—including attorneys' fees and interest—were excessive. *Id.* at 12-15.

After the parties conducted discovery[3] and the court held a hearing on Appellants' Petitions, the trial court denied Appellants' requested relief. The court concluded that there were no defects on the face of the record and no facts in dispute as to Appellants' defaults. Relevant to the instant appeal, the court specifically found that: (1) Appellee had the right to demand payment under the Loan Agreements; (2) Appellants had defaulted on their obligations under the Loan Agreements; (3) the parties had not modified in writing the terms of the Loan Agreements; (4) Appellee had not waived in writing the terms of the Loan Agreements; and (5) the parties had not entered into a forbearance agreement. *See* Trial Ct. Op. at 9-12.

Appellants timely appealed. Appellants complied with Pa.R.A.P. 1925(b), and the trial court adopted its September 13, 2017 Memorandum and Order in lieu of filing a Rule 1925(a) Opinion.

Appellants raise the following seven issues on appeal:[4]

> 1. Did the [c]ourt err in refusing to strike the judgment by confession?

---

[3] In the course of discovery, the parties deposed Keith Farrell, the Chief Accounting Officer of the Appellant entities, and Oivind Risberg, the Managing Partner, Chief Executive Officer, and owner of the Appellant entities.

[4] Appellants' Briefs are identical; we, thus, refer to the Briefs in the singular as "Brief."

2. Did the [c]ourt err in refusing to open the judgment by confession?

3. Did the [c]ourt err by holding that there was not sufficient evidence in dispute to submit the issues raised in the Petitions to a jury?

4. Did the [c]ourt err by failing to recognize that [] Appellee's conduct violated the duty of good faith and fair dealing?

5. Did the [c]ourt err by holding that the attorneys' fees contained in the confession of judgment were not excessive?

6. Did the [c]ourt err by including a pre[-]payment penalty in the amount confessed against [] Appellants?

7. Did the [c]ourt err by finding that [] Appellee's request for post[-]judgment interest is not contrary to applicable law?

Appellants' Brief at 4 (reordered for ease of disposition).

In their first issue, Appellants claim that the court erred in denying their Petition to Strike the Confessed Judgment. They have not, however, presented any argument in their Brief in support of this issue. It is, therefore, waived. ***See Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.***, 959 A.2d 438, 444 (Pa. Super. 2008) ("The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Failure to do so constitutes waiver of the claim." (citations omitted)); Pa.R.A.P. 2119(a) and (b).

Appellants' second, third, and fourth claims are interrelated. We, thus, address them together. In these issues, Appellants argue that the trial court erred in denying their Petition to Open the Confessed Judgments. Appellants' Brief at 14-21.

- 5 -

We review an order denying a petition to open a confessed judgment for an abuse of discretion. *Neducsin v. Caplan*, 121 A.3d 498, 506 (Pa. Super. 2015). "[T]he court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason." *Id.* Our scope of review is limited to "a review of only the record as filed by the party in whose favor the warrant is given, *i.e.*, the complaint and the documents which contain confession of judgment clauses." *Hazer v. Zabala*, 26 A.3d 1166, 1169 (Pa. Super. 2011).

In adjudicating a petition to open a confessed judgment, the trial court is charged with "determining whether the petitioner presented sufficient evidence of a meritorious defense to require submission of that issue to a jury." *Ferrick v. Bianchini*, 69 A.3d 642, 647 (Pa. Super. 2013) (citing *Homart Development Co. v. Sgrenci*, 662 A.2d 1092 (Pa. Super. 1995) (*en banc*)). "When determining a petition to open a judgment, matters *dehors* the record filed by the party in whose favor the warrant is given, *i.e.*, testimony, depositions, admissions, and other evidence, may be considered by the court." *Graystone Bank v. Grove Estates, LP*, 58 A.3d 1277, 1282 (Pa. Super. 2012).

A petition to open a confessed judgment is governed by Pa.R.C.P. No. 2959 and is an appeal to the trial court's equitable powers:

> Ordinarily, if a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer

must be excused; and (3) the party seeking to open the judgment must show a meritorious defense....

***Century Surety Co. v. Essington Auto Center, LLC***, 140 A.3d 46, 53 (Pa. Super. 2016).

Here, Appellants focus their argument on the third factor, *i.e.*, the trial court's determination that they did not present a meritorious defense. A meritorious defense is one upon which relief could be granted if proven at trial. ***Ferrick***, 69 A.3d at 647.

> Pa.R.[C.]P. [No.] 2959(e) sets forth the standard by which a court determines whether a moving party has properly averred a meritorious defense. **If evidence is produced** which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment. Furthermore, the court must view the evidence presented in the light most favorable to the moving party, while rejecting contrary evidence of the non-moving party. The petitioner need not produce evidence proving that if the judgment is opened, the petitioner will prevail. Moreover, we must accept as true the petitioner's evidence and all reasonable and proper inferences flowing therefrom. In other words, a judgment of confession will be opened if a petitioner seeking relief therefrom produces evidence which in a jury trial would require issues to be submitted to a jury. The standard of sufficiency here is similar to the standard for a directed verdict, in that we must view the facts most favorably to the moving party, we must accept as true all the evidence and proper inferences in support of the defense raised, and we must reject all adverse allegations.

***Neducsin***, 121 A.3d at 506–07 (internal citations and quotation marks omitted, emphasis added).

Referencing Pa.R.C.P. No. 2959(e), Appellants aver that they have set forth facts establishing a meritorious defense which would require presentation of the disputed issues to a jury. Appellants' Brief at 15. In particular, Appellants allege that there is evidence indicating that: (1) there

was a mutual mistake as to an agreed term in the Loan Agreements; (2) Appellee materially breached the Loan Agreements; (3) Appellee breached its duty of good faith and fair dealing; and (4) it was foreseeable that Appellee's subsequent material breach and breach of duty of good faith and fair dealing would result in a cash-flow crisis for Appellants. *Id.* at 15, 17-25.

Essentially, Appellants claim that the trial court should have opened the Confessed Judgments because Appellee's employees' oral representations justified Appellants having defaulted on the payments due under the written Loan Agreements.

"The fundamental rule in contract interpretation is to ascertain the intent of the contracting parties." ***Ins. Adjustment Bureau, Inc. v. Allstate Ins. Co.***, 905 A.2d 462, 468 (Pa. 2006)." "To discern the parties' intent, the court must give effect to clear and unambiguous terms without reference to matters outside the contract." ***Anchel v. Shea***, 762 A.2d 346, 352 (Pa. Super. 2000) (internal citations and quotation marks omitted).

After considering the deposition testimony of Keith Farrell, the trial court concluded that "there is no dispute that [Appellee] had the right to demand payment." Trial Ct. Op., 9/13/17, at 10. The court further considered Farrell's testimony that the parties had not executed either a written waiver of Appellants' obligation to make monthly payments under the Loan Agreements or a written forbearance agreement. ***Id.*** at 10-11, *citing* N.T. Farrell, 10/27/16, at 46-48. Farrell also testified that Appellants defaulted on the Loan Agreements when they stopped making payments on them in February

or March of 2016. ***Id.*** at 11, *citing* N.T. Farrell at 128. Last, the court noted that Farrell's undisputed testimony showed that the parties never executed any written documents that modified the rights or obligations of the parties to the Loan Agreements. ***Id.*** at 11-12, *citing* N.T. Farrell at 44.

The court also considered the deposition testimony of Oivind Risberg, and similarly concluded that Risberg's testimony failed to raise any disputed issues of fact regarding the existence of a meritorious defense that would require submission to a jury. ***See id.*** at 12. The court, thus, concluded that:

> [Appellants] have produced no facts to contradict: (A) the terms of the Loan Agreements; (B) the existence of a default under the terms of the Agreement(s); or (C) that there is no written modification or forbearance agreement that would modify the terms of the original Loan Agreements.

***Id.***

The record supports the trial court's conclusions that: (1) Appellants admitted that the parties had not modified the terms of the Loan Agreements; (2) they had defaulted on the Loan Agreements; and (3) that the Loan Agreements' terms permitted Appellee to confess judgment as a result of Appellants' default. Importantly, Farrell and Risberg both conceded that Appellee had the right to monthly payments under the Loan Agreements, and that Appellants failed to make those payments. ***See*** N.T. Farrell at 54; N.T. Risberg, 10/27/16, at 62-63.

Owing to these admissions, Appellants failed to demonstrate that they could put forth a meritorious defense as a matter of law to the Confessed

Judgments. In the absence of any disputed issues, the trial court did not abuse its discretion in denying Appellants' Petitions to Open the Confessed Judgments. Appellants are, therefore, not entitled to relief on these issues.[5]

In their fifth issue, Appellants baldly claim that the attorneys' fees contained in the Confessed Judgments were excessive, and the trial court should have opened the Judgments on that basis.[6] Appellants' Brief at 25-27. Notably, however, they do not complain that the amount of attorneys' fees was in violation of the terms of the Loan Agreements or the terms of the Notes.

This Court has upheld the inclusion and enforcement of attorneys' fees collection provisions in loan agreements. *RAIT Partnership, L.P. v. E Pointe Properties I, Ltd.*, 957 A.2d 1275, 1279 (Pa. Super. 2008), citing *Dollar Bank v. Northwood Cheese Co.*, 637 A.2d 309, 314 (Pa. Super. 1994) (attorney's fees provision of 15% enforceable where it was "specifically authorized by the warrant of attorney").

_____

[5] Further undermining Appellants' arguments, we observe that Paragraph 14(b) of the parties' Multiple Draw Non-Revolving Term Note expressly provides that the Note contains the "entire agreement between" the parties, and "supersedes every course of dealing, other conduct, oral agreement, commitment letter or other correspondences[.]" Multiple Draw Non-Revolving Term Note, 9/25/13, at ¶ 14(b).

[6] Appellants have not indicated in their Brief the amount of attorneys' fees included in the Confessed Judgments. Rather, they merely noted that "the confessed judgment includes attorneys' fees in the amount of five (5%) percent of the judgment amount, whether or not these fees were actually earned." Appellants' Brief at 25.

In the instant case, Appellants expressly granted Appellee a warrant of attorney to enter judgment against them in an amount that included a 5% attorneys' commission. **See** Multiple Draw Non-Revolving Term Note, 9/25/13, at ¶ 17. Because Appellants have not averred that the amount of attorneys' fees assessed against them is in excess of the amount authorized by the warrant of attorney, we cannot conclude that the trial court abused its discretion in refusing to open the Confessed Judgments.[7]

In their sixth issue, Appellants claim the trial court erred in permitting Appellee to include a prepayment penalty in the amount confessed against them. Appellants' Brief at 27-28.

The trial court noted in its Opinion *Sur* Pa.R.A.P. 1925(a) that Appellants raised this issue for the first time in their Rule 1925(b) Statement. Our review of the record confirms that Appellants failed to brief or argue the issue regarding prepayments before the trial court. Thus, this issue is waived. **See Irwin Union Nat. Bank and Trust Co. v. Famous**, 4 A.3d 1099, 1104 (Pa. Super. 2010) (noting that issues cannot be raised for the first time in a Rule 1925(b) Statement). **See also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

---

[7] Appellants rely on **McMullen v. Kutz**, 985 A.2d 769 (Pa. 2009), for the proposition that "attorney fee awards must **always** be reasonable, regardless of the language in the contract." Appellants' Brief at 26. We find **McMullen** distinguishable from the instant case in that it arose within the context of a separation and property settlement agreement and pertains to breach of contract actions generally, and not, as here, to confessions of judgments by sophisticated lenders against sophisticated borrowers.

In their final issue, Appellants claim the trial court erred in permitting Appellee to assess post-judgment interest in an amount in excess of the legal rate. Appellants' Brief at 28-29. Relying on **Stendardo v. Federal National Mortgage Association**, 991 F.2d 1089 (3rd Cir. 1993), Appellants argue that the "request for post[-]judgment interest in excess of the legal rate is contrary to established law under the merger doctrine." In other words, Appellants argue that once Appellee entered a Confessed Judgment the terms of the Loan Agreements merged into the Judgment and Appellee no longer had the right to enforce the post-judgment interest provision in the Loan Agreements.

Appellants' reliance on **Stendardo** is misplaced. As noted by the trial court and Appellee, **Stendardo** also found that requests for post-judgment interest in excess of the legal rate are permissible where the contract evidences the parties' intent to preserve the same rate of interest after the lender obtains a judgment against the borrowers. **Id.** at 1095. In those instances, the merger doctrine does not terminate the interest provision. **Id.**

In this case, the "Interest Rate Provisions" paragraph of the instant Multiple Draw Non-Revolving Term Notes provides, in relevant part, that **once an event of default has occurred, interest shall continue to "accrue** at a rate per annum equal to the aggregate of 6% plus the rate otherwise applicable (the "Default Rate")[.]" Multiple Draw Non-Revolving Term Note at ¶ 5(c) (emphasis added). Thus, the express language of the interest provision clearly evinces the parties' intent that after Appellee obtains a Judgment interest shall accrue at the Default Rate. Therefore, the parties' intentions

- 12 -

supersede the merger doctrine and the trial court properly permitted Appellee to collect interest at the Default Rate. Accordingly, the trial court did not err in denying Appellants' requested relief.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/21/2018